IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. H-11-2865 |
| YANCY PIERSON, *et al.*, Defendants. | § § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 17] filed by Defendant Jackman Financial Corp. ("Jackman"). Defendants Yancy Pierson, Lois Pierson, and Irma Pierson (collectively, the "Pierson Claimants"), who are represented by counsel, neither filed a response in opposition to the Motion nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a party fails to respond to a Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Having considered the full record and applied governing legal authorities, the Court **grants** the Motion.

**I.      BACKGROUND**

Carey Wayne Pierson had $25,000.00 of coverage under a group life insurance policy, Policy Number G-43720 ("Policy"), issued by Prudential Insurance Company of America ("Prudential"). Pierson designated his three adult children, the Pierson Claimants, as beneficiaries under the Policy.

Pierson died on May 24, 2010. Funeral arrangements were handled by Citizens Turner Funeral Home in Houston, Texas. In connection with paying for the funeral services, the Pierson Claimants each signed an Irrevocable Insurance Proceeds Assignment in favor of Jackman for the full $25,000.00 of insurance proceeds. Jackman, having received the assignments, paid the $23,875.00 in funeral expenses.

Jackman and the Pierson Claimants submitted claims for the insurance proceeds. Faced with the competing claims, Prudential filed this interpleader action and deposited the insurance proceeds into this Court's Registry.

Jackman filed a Motion for Summary Judgment, which is now ripe for decision.

**II.     STANDARD FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation

and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III. ANALYSIS

The uncontroverted evidence in the record establishes that the Pierson Claimants executed Irrevocable Insurance Proceeds Assignments. *See* Exhibit A to Motion. It is also undisputed that Jackman, having received the assignments, paid the $23,875.00 due to Citizens Turner Funeral Home for the expenses of Pierson's funeral and burial. *See* Exhibit B to Motion. Consequently, Jackman is entitled to the insurance proceeds, currently in the Court's Registry, in accordance with the assignments.

### IV. CONCLUSION AND ORDER

The Pierson Claimants executed Irrevocable Insurance Proceeds Assignments transferring to Jackman their rights to the insurance proceeds. Accordingly, it is hereby

**ORDERED** that Jackman's Motion for Summary Judgment [Doc. # 17] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 15th day of **April, 2012**.

Nancy F. Atlas
United States District Judge